Good morning. Jill Davis, I'm here for the appellants. I represent Dr. Chase, Dr. D'Amico, and Associate Warden Foster. The district court erred in finding that there are no – that there are genuine issues of material fact. What is at issue is that there are no genuine issues of material fact, as the plaintiff has never disputed the affidavits of Dr. Chase regarding the dental treatment that the plaintiff Sneed received. Also, Dr. Lissy reviewed the dental treatment performed by Dr. Chase. The Associate Warden of Programs, Foster, her affidavit regarding what she – when she spoke with Mrs. Sneed and when she addressed the second-level grievances of Mr. Sneed, and the affidavit of Karen Walsh regarding the pain prescription medications that inmate Sneed received. The plaintiff has never alleged that these facts are incorrect. The plaintiff offers nothing to support the allegation that our – Let me ask you, right now, you're focusing an argument on whether or not there's a genuine issue of fact for trial. The Supreme Court said in Johnson that that issue is not appealable right now, as I read Johnson. Do you have a different reading of Johnson, or do you have a different reason why we should be entertaining that issue at this time? My – my reasoning is the fact that we – that the record is clear from below and that Judge Hunt failed to analyze qualified immunity in this issue. Well, Supreme Court held that, quote, a defendant entitled to invoke a qualified immunity defense may not appeal a district court summary judgment order insofar as that order determines whether or not the pretrial record sets forth a genuine issue of fact for trial, close quote. What I've just heard from you so far is an argument exactly as described by the Supreme Court saying that that's not appealable right now. So is there something that is appealable right now? Under Jeffers, I believe that it is appealable that the issue – I mean, that that district court did air that they're in the finding, the fact that there were – Well, Jeffers says, quote, or jurisdiction, quote, does not extend to claims in which the determination of qualified immunity depends upon disputed issues of material fact, close quote. And we can't, in Jeffers, overturn what the Supreme Court says in Johnson. I mean, either – either you've got a different issue that you want to present before us, or you've got a different understanding of the law, or both. So at this point, I'm not trying to quarrel with what you've said in terms of whether or not the disputed issue is a fact. I'm trying to figure out what's the jurisdictional basis for taking that question up at this time. The journal's – jurisdictional basis is the fact that Judge Hunt did not decide on the issue of qualified immunity. He just said that that is not an issue in this case. Well, he said there are disputed issues of fact that go to that issue. There are – there are no disputed issues of fact. Did he say that, or do you say that? I say that. What did he say? He's the court. He said that there are disputed issues of fact, but there are – Isn't that what the Supreme Court said isn't appealable at this time? I read Jeffers' – my understanding of the fact is that there was no issue at that point. I mean, there – if you are saying that there are no issues of material fact, you can present that. You're saying that. I'm not. No. No, I'm sorry. I'm sorry. You're not. But that's how I read it, is that we do have jurisdiction to appeal this. Because there are no issues of material fact. Plaintiff has presented it. But the Court has said there are, and you're disputing that. Your appeal is objecting to that determination by the Court. And as I read the Supreme Court's decision, if that's what's being disputed, that's not appealable at this time. Now, I take it you disagree with my interpretation of Johnson. But let me try it this way. Do you agree that the district court said there were disputed issues of fact? Correct. And you're taking the position that there weren't. So that's the issue you're trying to bring to us on appeal. You're disagreeing with the district court's determination that there were genuine issues of material fact. Yes, in light of qualified immunity analysis. Okay. Now, so tell me how this doesn't get caught up in Johnson, what Johnson says with regard to what's appealable at this time. We're appealing the fact that Judge Hunt did not go into the issues of qualified below regarding what was submitted by Plaintiff's counsel, which was no evidence. It's not appealable. We are you arguing that there was evidence in the record that would establish the facts that he said were material facts in dispute? There weren't. The order says that there were material facts in dispute, but there are he doesn't point out to any specific facts. Because we our position is that I mean, he denied our even listening to qualified immunity issues, and he should not have. He should have addressed it and gone on to the Saucere versus Katz test and gone through steps one and two to see if there was any deliberate indifference. Let me just try this one more time because I may not make it myself clear. What I want you to speak to, and let me just read the concluding paragraph of Johnson. For these reasons, we hold that a defendant entitled to evoke a qualified immunity defense, I take it that's your client, may not appeal a district court summary judgment order insofar as that order determines whether or not the pretrial record sets forth a quote genuine close quote issue of fact for trial. The judgment of the circuit Court of Appeals for the Seventh Circuit is therefore affirmed. The Supreme Court, as I read it, is saying, you know, there's some things you can appeal right away. This is the exceptional case qualified immunity. You can usually take up right away. But if the issue is whether or not there's a genuine issue of material fact, that one can't be appealed right away. And what I hear you arguing is pretty clear now is exactly that kind of appeal. So I need to find out from you why it is under Johnson that this case is appealable at this time. Johnson seems to say something different. Because there were no genuine issues of material fact. I know that his order stated that. Well, see, let me read again the Supreme Court. Whether or not the pretrial record sets forth a genuine issue of fact for trial. And that's exactly the issue you're putting in front of us now. So you're saying, but we're right. Well, yeah, you may be right. But the Supreme Court's not saying, as I read it, that you can appeal that right now. Take it and explain to me why there are no genuine issues of material fact. Because a lot of this is words, and you have to kind of get below it. Because the plaintiff, all that he has set out is the fact that he has the Mr. Sneed says that he did not see his quality, constitutional quality of dental care within a four-month period of time dealing with Dentist Chase. Dr. Chase has submitted her affidavit, and the other affidavit is laying out exactly what has occurred. All that was before Judge Hunt, but he did not address that or qualified immunity issue regarding what medical procedures occurred during Mr. Sneed's incarceration regarding his partial bridge and his partial denture, those procedures which were performed by Dr. Chase. So the facts are clear. They're set out. There is no controversy on any of the facts. Judge Hunt just did not go further to analyze the qualified immunity in detail in looking at everything to see whether deliberate indifference was met, or, you know, in the alternative he found that there was a deliberate indifference violation. Would a dentist in Dr. Chase's position feel that she was not violating Sneed's constitutional rights? You have about two minutes left. Can I just reserve the rest for rebuttal? May it please the Court, my name is John Funk. I represent John Sneed, who's the appellee in this case. In responding to the appellant's arguments, I would like to begin first by looking at the summary judgment standard, which needs to be reviewed. I'd like to reiterate that standard. Summary judgment is only appropriate when there are no genuine issues of material fact. In addition, the weight of the evidence must be viewed in the light most favorable to Mr. Sneed. The District Court properly found that the defendants were not entitled to qualified immunity as there were material issues of fact at issue in this case. It has been our position, as we've outlined in our brief, that the position of the appellee is inappropriate and that this Court lacks jurisdiction because there are issues of genuine material fact that were raised by the District Court in this case. We've had a series of cases here in the Ninth Circuit which we've done sort of a shortcut around that particular rule. And very often, quite frankly, many of these cases, I'm not saying this is one of them, but many of these cases, if you completely believed everything the plaintiff has said, it's still going to end up just exactly the same place, that there is immunity. So we've had a series of cases where if you take everything the plaintiff says, and there's still no question about immunity, we can't have jurisdiction. And I wondered whether or not that line of cases applies here. Well, I believe that the ---- Suppose my question is, suppose everything your client says is treated as true, that is, if you went back to the Court and the Court said you win on every factual issue, would there be immunity or not be immunity? It's our position that there still would be no immunity in this case. Because the facts as you present them indicate no immunity. It's the facts that do exist there, Your Honor. That's correct. And specifically, the District Court judge, he looked at the record, he looked at the evidence that was presented, and he found that as to the issue of qualified immunity, that there were material issues of fact on that issue which would preclude him from granting the summary judgment. What I'm saying is, suppose you treat everything the plaintiff contends as the finding of fact, that is, you go back, the judge says, I agree completely with the plaintiff. I don't agree at all with the facts that are presented as factual issues by the defendants. If he agreed with you completely, would you get immunity? I believe that he still is entitled to the immunity be allowed. Are you talking about qualified immunity? Yes. I still think that Mr. Sneed, the defendants in this case, are not entitled to qualified immunity. I take it from my limited reading of the record that that's what your answer would be, and I find it rather persuasive. But I just wanted to make sure you what your position would be as to whether or not we should consider these facts, these findings. It's our position that you should not consider these facts in this case, and specifically, the issues that were raised by the defendants in this case was whether or not there were issues of material fact. So if we send this case back, and the judge decides in your favor on all of the disputed facts, the judge automatically would say there would be no immunity, and you'd go ahead. Well, we believe that he did address that, though, still in his decision, though. What he decided was there was a dispute. Yes. And I'm saying, hypothetically, suppose it goes back and the dispute is resolved, all of the factual disputes are resolved in your favor. Yes. Then I take it your argument would be that when the judge does that, the judge is going to say there would be no qualified immunity. That there will be no qualified. Exactly. Exactly. I got you. As Judge Clifton pointed out, we cited to the Jeffers v. Gomez case where the court stated that our jurisdiction in these matters generally is limited to questions of law and does not extend to claims in which the determination of qualified immunity depends on disputed issues of material fact, which is precisely what is being presented by the defendants and the appellants in this hearing here today. The district court found, number one, that the law forbade the appellant defendants from being deliberately indifferent to Mr. Sneed's serious medical condition. He also found that Mr. Sneed was not accusing the appellants of negligent medical care or faulty diagnosis, but was ignoring a serious medical situation. Additionally, he found that there were material issues of fact in dispute that goes to the weight of the evidence regarding the seriousness of this condition. Counsel presented information and the judge addressed that issue regarding whether or not if the plaintiff received some medical treatment, if that would not allow him to raise the claim of deliberate indifference. The judge found that there were, again, issues of material fact which went to the weight of that evidence regarding the records that were submitted by the appellants in this case. Specifically we were looking at the affidavits of Dr. Chase. We look at the affidavit of the associate warden, and in her affidavit she also notes that one of the issues in this case were the numerous phone calls that were made by Mr. Sneed's wife to the prison officials regarding this ongoing issue. Again, that was noted by the district court judge when he denied summary judgment in this case, and therefore we feel that it is not a ripe issue before the court because it is the issue as to the materiality of these facts that they have now sought to bring it before this court, which is not an appealable issue. Are there any other issues that you would like me to address before I relinquish my time? Thank you. Thank you. I would just like to address a few things very quickly. I just want to hit one point before this, the fact that down below there were no issues of anything regarding Director D'Amico's involvement in this case. Also the fact that there are no disputed facts from below, I don't believe, are material in this case, and therefore that Judge Hunt should have ruled on the qualified immunity issue pertaining to all three defendants and their personal participation in the matter. In reading through the cases, I mean, there are essential aspects that qualified immunity should have been addressed. There are no disputed facts that are material to that issue that have been brought forth, even viewing all of the allegations in favorable light of Mr. Sneed. Do you have any other questions? Yes, I have one. We can take this case, and we have jurisdiction, if it's a question of law. We've said that. But it's a question of fact that has got to go back in the factual determination. Let's assume, for the sake of argument, it goes back and the district judge accepts all of the factual allegations advanced by your adversary and rejects every one of the factual allegations that you present. In that hypothetical situation, would you agree that you would the district judge would not give you qualified immunity? He would be able to rule on qualified immunity because the plaintiff hasn't presented any facts that would prove that there was any ---- Did I? I didn't make myself clear. I'm sorry. I'm saying the district judge found that all of the allegations of the defendant or the plaintiff are correct and found that none of yours were. That hypothetical ---- I understand you're going to go back and argue it. Oh, okay. Under that situation, the district judge would say there's no qualified immunity, correct? Correct. Okay. So we have before us a question of law, then, and that brings us back to Judge Clifton's argument of how there's no question of law before us. It's a question of fact. Where do we get jurisdiction? You can't use the Ninth Circuit cases that allow this, indicate it's a question of law if you accept all the plaintiff's facts as true. If you can't use that, then I don't see how we find jurisdiction. I think just ---- Okay. All right. Thank you. The case just argued is submitted for decision. We'll hear the next case, which is Kurtz v. Caesars Entertainment.
judges: Wallace, Schroeder, Clifton